IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Virginia

| | |
|---|---|
| TARA CHAND SINGHAL,  )<br><br>                Plaintiff,  )<br>V.                          )<br><br>MICHELLE K. LEE,            )<br>Deputy Under Secretary of   )<br>Commerce for Intellectual   )<br>Property and Deputy Director )<br>of the United States Patent )<br>and Trademark Office        )<br>AND                         )<br>UNITED STATES PATENT AND     )<br>TRADEMARK OFFICE,           )<br><br>                Defendants.  )<br> _____ ) | Civil Action No. 1:12CV708 |

**MEMORANDUM OPINION**

This matter comes before the Court on the Defendants' Motion to Dismiss.

In this action, Plaintiff Tara Chand Singhal, proceeding *pro se*, challenges the amount of patent term adjustment ("PTA") that the USPTO awarded to United States Patent Nos. 8,090,945 ["the '945 patent"] and 8,103,246 ["the '246 patent"] under 35 U.S.C. § 154. Plaintiff's Complaint filed in June 2012 takes issue with the amount of PTA that the USPTO awarded, pursuant to 35 U.S.C. § 154(b)(2)(B), as a result of requests for continued

examination ("RCE") that Plaintiff filed with the USPTO, and internal appellate review he obtained, during administrative examination of the patent applications that ultimately issued as the '945 and '246 patents.

It appears that Plaintiff's primary legal argument is that § 154(b)(2)(B) is impermissibly vague as a constitutional matter because it does not define the term "request for continued examination." Plaintiff's argument fails for at least two reasons: (1) the constitutional "void for vagueness" doctrine only applies to statutes that, unlike § 154, seek to prohibit conduct; and (2) § 154's use of "request for continued examination" especially when the provision includes a cross-reference to the statute creating the procedure itself is clearly comprehensible.

Plaintiff first maintains that § 154(b)(2)(B) is "factually vague because the meaning of RCE is ambiguous." But in so arguing, Plaintiff does not articulate the legal meaning of his position – *i.e.*, whether § 154(b)(2)(B)'s alleged "vagueness" is an affirmative argument that this Court should hold the provision unconstitutional on vagueness grounds, or merely a response to the USPTO's argument that this Court cannot re-write clear statutory language based on Plaintiff's policy-based arguments. Whatever plaintiff's intention, his argument is unavailing.

To the extent that Plaintiff maintains that § 154(b)(2)(B) is unconstitutionally vague, the argument is completely baseless for several reasons. At the threshold, the constitutionally-based "void for vagueness" doctrine does not even apply to statutes, such as § 154, that only provide a standard to govern entitlement to benefits, and do not attempt to prohibit certain conduct or speech. As this Federal Circuit has held in this regard:

> [T]he void for vagueness doctrine was held [by the Supreme Court] to relate to prohibitions, not to entitlements, which are at issue here. Consistent with that approach, the Court has steadfastly applied the void for vagueness doctrine only to statutes or regulations that purport to define the lawfulness of conduct or speech.

Nyeholt v. Secretary, 298 F.3d 1350, 1356 (Fed. Cir. 2002). And this Court, quoting Nyeholt, has thus recognized that "'a void-for-vagueness challenge must be directed to a statute or regulation that purports to define the lawfulness or unlawfulness of speech or conduct.'" Knowlin v. Johnson, 2011 WL 4101512, at *6 (E.D. Va. Sept. 13, 2011) (Hilton, J.) (quoting Nyeholt, 298 F.3d at 1357) (holding vagueness challenge to statutory provisions creating standards for entitlement to parole "utterly frivolous"). Section 154 does not prohibit any conduct on the part of a patent applicant or seek to regulate any speech whatsoever; to the contrary, it simply creates a standard that governs whether and in what amount a patentee is entitled to the

benefit of PTA.  And as such, the constitutionally-derived "void for vagueness" doctrine does not apply to § 154(b)(2)(B).

Even if  the constitutionality of § 154 could be reviewed on vagueness grounds, the statute's reference to "continued examination" is far from vague at all, let alone "'so vague that men of common intelligence must necessarily guess at its meaning,'" as would be necessary to invalidate the statute on constitutional grounds.  <u>McEntee v. MSPB,</u> 404 F.3d 1320, 1333 (Fed. Cir. 2002).  Despite Plaintiff's statement that "[t]he term RCE has many meanings," § 154 provides a particular statutory cross-reference for the procedure that Congress sought to identify:

> Subject to the limitations under paragraph (2), if the issue of an original patent is delayed due to the failure of the United States Patent and Trademark Office to issue a patent within 3 years after the actual filing date of the application under section 111(a) in the United States . . . not including--

> (i) any time consumed by continued examination of the application *requested by the applicant under section 132(b)*;

> the term of the patent shall be extended 1 day for each day after the end of that 3-year period until the patent is issued.

35 U.S.C. § 154(b)(2)(B).  As such, the Federal Circuit recently had little trouble explaining that the "continued examination" referenced in § 154(b)(2)(B) was "a process, authorized by

Congress in 1999, through which an applicant may try to persuade an examiner to allow an application after an otherwise-final rejection." Novartis AG v. Lee, 740 F.3d 593, 597 (Fed. Cir. 2014).

Lest there be any continued doubt about the meaning of "continued examination," both the USPTO's formal regulations – promulgated pursuant to an express delegation of authority in § 132(b) – and informal guidance provide a detailed explanation of what constitutes a request for "continued examination." First, the regulations explain that "[i]f prosecution in an application is closed, an applicant may request continued examination of the application by filing a submission and the fee . . . ." 37 C.F.R. § 1.114(a). The regulations further define – in significant detail – what type of submission constitutes a request for "continued examination." Id. § 1.114(c). Additionally, the USPTO's Manual of Patent Examining Procedure ("MPEP") provides a detailed explanation of all aspects of "continued examination" practice before the agency.MPEP ¶706.07(h), available at:<< http://www.uspto.gov/web/offices/pac/mpep/s706.html>> (visited June 10, 2014).

Accordingly, § 154(b)(2)(B)'s reference to "continued examination" is far from vague at all. But more importantly for instant purposes, because a "business person of ordinary

intelligence" can obtain an understanding of the meaning of the term, see Village of Hoffman Estates v. Flipside, 455 U.S. 489, 494-95 (1982), Plaintiff's putative constitutional challenge falls well short of the high bar set by the Supreme Court.

Second, assuming that Plaintiff's position on the alleged "vagueness" in § 154(b)(2)(B) is only a response to the USPTO's argument that this Court cannot ignore plain and clear statutory language, it is simply a non-sequitur. Plaintiff's Complaint in this action stridently took issue with Congress's decision to exclude from PTA time consumed by continued examination of the patent at the request of the applicant, primarily because Congress failed to comprehend that applicants often have good reason to request continued examination of an application. The USPTO explained in its opening memorandum that it was for Congress, and not Plaintiff (or this Court), to determine how to balance the various equities involved in the PTA implications of RCEs. It is difficult to understand and Plaintiff's Opposition Memorandum does not explain  how any potential vagaries in the phrase "request for continued examination" would somehow allow this Court to re-write the statute in the fashion that Plaintiff desires.

The remaining arguments simply  take issue with the policy judgment that Congress made in promulgating § 154. For instance, Plaintiff maintains that § 154(b) "is defective because it

assumes a 3 year[] prosecution time to patent issuance from date of filing," which is "not based on a rational[] basis for determining the time it takes to process an individual application from the date of filing to date of issuance. Courts including the Federal Circuit in interpreting § 154 itself – have repeatedly held that they lack authority to re-write a statute simply because a Plaintiff "believes that the delicate balance that Congress struck was erroneous, unwise, or somehow inequitable." Wyeth v. Kappos, 591 F.3d 1364, 1370-71 (Fed. Cir. 2008)).  Plaintiff has not identified any authority to the contrary.

For the foregoing reasons, this Court should dismiss Plaintiff's Complaint in this action.

An appropriate Order shall issue.


CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE


Alexandria, Virginia
March 28, 2016